FILED

A. Edward Ezor
Plaintiff
201 S. Lake Avenue, Suite 505
Pasadena, CA 91101
Telephone: (626) 568-8098

2015 DEC 21  PM 1:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Case No.   CV15- 9784 JVS (AGR)

**VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

A. EDWARD EZOR,

Plaintiff,

v.

ELI DAVID MORGENSTERN, JAYNE
KIM, STATE BAR OF CALIFORNIA,
RICHARD A. PLATEL, DONALD F.
MILES, CATHERINE D. PURCELL,
JUDITH EPSTEIN, PATRICE E.
McELROY, SUPREME COURT OF
CALIFORNIA, TANI G. CANTIL-
SAKAUYE, MING W. CHIN,
KATHRYN M. WERDEGAR,
LEONDRA R. KRUGER, GOODWIN H.
LIU, CAROL A. CORRIGAN,
MARIANO-FLORENTINO CUELLAR,
and DOES 1 through 10, inclusive,

Defendants.

**DEMAND FOR JURY TRIAL**

**DAMAGES EXCEED $ 50,000.00**

PAID

DEC 21 2015

Clerk, US District Court
CCD

**COMES NOW Plaintiff, A. EDWARD EZOR ("EZOR"), and alleges as follows:**

## PRELIMINARY ALLEGATIONS

1.     Plaintiff is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.  Plaintiff is, and was at all times relevant hereto, an adult over eighteen years old.

2.     Plaintiff is informed and believes, and thereon alleges, that Defendant ELI DAVID MORGENSTERN ("MORGENSTERN") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.  Plaintiff is further informed and believes, and upon such information and belief  alleges, that Defendant MORGENSTERN is, and was at all times herein mentioned, an attorney duly licensed and authorized to practice law in the State of California.

3.     Plaintiff is informed and believes, and thereon alleges, that Defendant JAYNE KIM ("KIM") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California. Plaintiff is further advised and believes, and thereon alleges, that Defendant KIM is, and was at all times herein mentioned, an attorney duly licensed and authorized to practice law in the State of California.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendant STATE BAR OF CALIFORNIA ("STATE BAR") is, and was at all times herein mentioned, a public corporation established by Article 6, Section 9 of the California Constitution.  Plaintiff is further informed and believes, and thereon alleges, that Defendant STATE BAR acts, and at all times herein mentioned acted, as the administrative arm of Defendant SUPREME COURT OF CALIFORNIA ("SUPREME COURT") in matters involving the admission, regulation and discipline of attorneys in the State of California. In addition, Plaintiff is informed and believes, and thereon alleges, that Defendants MORGENSTERN and KIM are, and were at all times herein mentioned, employed as attorneys by Defendant STATE BAR.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant RICHARD A. PLATEL ("PLATEL") is, and was at all times herein mentioned, an individual residing in the City of Honolulu, Hawaii. Plaintiff is further informed and believes, and thereon alleges, that Defendant PLATEL is, and was at all times herein mentioned, an attorney duly licensed and authorized to practice law in the State of California. Moreover, Plaintiff is informed and believes,

1    and thereon alleges, that Defendant PLATEL committed

2    unconstitutional, wrongful, unlawful, unethical and tortious acts against EZOR, as alleged herein,

3    while an administrative hearing officer or administrative judge of the California State Bar Court.

4           7.    Plaintiff is informed and believes, and thereon alleges, that Defendant DONALD

5    F. MILES ("MILES") is, and was at all times herein mentioned, an individual residing in the

6    County of Los Angeles, State of California. Plaintiff is further informed and believes, and thereon

7    alleges, that Defendant MILES committed, and continues to commit, unconstitutional, wrongful,

8    unlawful, unethical and tortious acts against EZOR, as alleged herein, as an administrative

9    hearing officer or administrative judge of the California State Bar Court.

10           8.    Plaintiff is informed and believes, and thereon alleges, that Defendant

11    CATHERINE D. PURCELL ("PURCELL") is, and was at all times herein mentioned, an

12    individual residing in the County of Kern, State of California. Plaintiff is further informed and

13    believes, and thereon alleges, that Defendant PURCELL committed, and continues to commit,

14    unconstitutional, wrongful, unlawful, unethical and tortious acts against EZOR, as alleged herein,

15    as an administrative hearing officer or administrative judge of the Review Department of the

    California State Bar Court.

16           9.    Plaintiff is informed and believes, and thereon alleges, that Defendant JUDITH

17    EPSTEIN ("EPSTEIN") is, and was at all times herein mentioned, an individual residing in the

18    County of San Francisco, State of California. Plaintiff is further informed and believes, and

19    thereon alleges, that Defendant EPSTEIN committed, and continues to commit, unconstitutional,

20    wrongful, unlawful, unethical and tortious acts against EZOR, as alleged herein, as an

21    administrative hearing officer or administrative judge of the Review Department of the California

22    State Bar Court.

23          10.    Plaintiff is informed and believes, and thereon alleges, that Defendant PATRICE

24    E. McELROY ("McELROY") is, and was at all times herein mentioned, an individual residing in

25    the County of San Francisco, State of California. Plaintiff is further informed and believes, and

26    thereon alleges, that Defendant McELROY committed, and continues to commit,

27    unconstitutional, wrongful, unlawful, unethical and tortious acts against EZOR, as alleged herein,

28    as a pro tem administrative hearing officer or administrative judge of the Review Department of

EZOR V. MORGENSTERN          -3-

1    the California State Bar Court.

2         11.    Plaintiff is informed and believes, and thereon alleges, that Defendant SUPREME

3    COURT OF CALIFORNIA is, and was at all times herein mentioned,  a government or judicial

4    entity established under and by virtue of the California Constitution, and consisting of one Chief

5    Justice and six Associate Justices thereof. Furthermore, upon information and belief, Defendant

6    SUPREME COURT OF CALIFORNIA's main courthouse and official address are in the City of

7    San Francisco, State of California. In addition, Plaintiff is informed and believes, and thereon

8    alleges, that Defendant SUPREME COURT OF CALIFORNIA committed, and continues to

9    commit, unconstitutional, wrongful, unlawful, unethical and tortious acts against EZOR, as

10   alleged herein.

11        12.    Plaintiff is informed and believes, and thereon alleges, that Defendant TANI G.

12   CANTIL-SAKAUYE ("CANTIL-SAKAUYE") is, and was at all times herein mentioned, Chief

13   Justice of Defendant SUPREME COURT OF CALIFORNIA. Plaintiff is further informed and

14   believes, and thereon alleges, that Defendant SAKAUYE is, and was at all times herein

15   mentioned, a resident of the County of Sacramento, State of California. In addition, Plaintiff is

16   informed and believes, and thereon alleges, that Defendant CANTIL-SAKAUYE committed, and

17   continues to commit, unconstitutional, wrongful, unlawful, unethical and tortious acts against

18   EZOR, as alleged herein.

19        13.    Plaintiff is informed and believes, and thereon alleges, that Defendants MING W.

20   CHIN ("CHIN"), KATHRYN M. WERDEGAR ("WERDEGAR"), LEONRA R. KRUGER

21   ("KRUGER"), GOODWIN H. LIU ("LIU"), CAROL A. CORRIGAN ("CORRIGAN"), and

22   MARIANO-FLORENTINO CUELLAR ("CUELLAR") are individuals residing in the County of

23   San Francisco, State of California. Upon further information and belief, said Defendants, and

24   each of them, are, and were at all times herein mentioned, Associate Justices of Defendant

25   SUPREME COURT OF CALIFORNIA. In addition, Plaintiff is informed and believes, and

26   thereon alleges, that said Defendants, and each of them, committed, and continue to commit,

27   unconstitutional, wrongful, unlawful, unethical and tortious acts against EZOR, as alleged herein.

28        14.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 1

     through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will

EZOR V. MORGENSTERN                          -4-

1   amend this Complaint to allege the true names and capacities of Defendants DOES 1 through 10,

2   when this information is ascertained.

3        15.      Plaintiff is informed and believes, and thereon alleges, that each of the DOE

4   Defendants participated or acted in concert with the other named Defendants, and each of them.

5   Said DOE Defendants are therefore responsible and liable in some manner for the acts,

6   occurrences, and/or omissions alleged herein, and have thereby directly and proximately caused

7   damages to Plaintiff, as herein alleged.

8        16.      Plaintiff is informed and believes, and based thereon alleges, that at all times

9   herein mentioned, each of the Defendants was the agent, partner, or employee of each of the other

10   Defendants. In doing the things complained of herein, each of said Defendants was acting within

11   the course and scope of such agency, partnership, or employment.  All acts and omissions alleged

12   to have been done by Defendants, and each of them, were done with the consent, knowledge and

13   ratification of all other Defendants.

14        17.      Defendants PLATEL, MILES, PURCELL, EPSTEIN, McELROY, SUPREME

15   COURT OF CALIFORNIA, CANTIL-SAKAUYE, CHIN, WERDEGAR, KRUGER, LIU,

16   CORRIGAN and CUELLAR are not being sued in this action for any monetary damages. Said

17   Defendants, and each of them, are being sued in this lawsuit for only equitable and declaratory

18   relief for violating Plaintiff's constitutional and civil rights, as herein alleged and described.

19        18.      Plaintiff was duly admitted to practice law in the State of California on or about

20   January 5, 1972. As an attorney, he practiced primarily in the area of probate, estate planning and

21   trusts. During approximately 41 years of practice, EZOR had an exemplary, discipline-free

22   practice and was well-respected by numerous judges and attorneys.

23        19.   On or about August 14, 2012, the State Bar filed two disciplinary charges in the

24   State Bar Court of California (Case No. 12-0-10043), accusing EZOR, inter alia, of

25   misappropriating monies from the Estate of Maxine Marx. Ms. Marx was the daughter of  the late

26   Chico Marx, a member of the famous Marx Brothers comedy team. EZOR had represented the

27   various interests of the Marx Brothers and their descendants since 1972. EZOR duly filed an

28   Answer to the Notice of Disciplinary Charges, and denied that he had willfully misappropriated

any funds. In fact, appropriate funds were paid by EZOR to said Estate following an accounting.

EZOR V. MORGENSTERN                    -5-

The disciplinary case was assigned for trial and pre-trial matters to the calendar of Defendant PLATEL of the State Bar Court. Defendant PLATEL was a former, long-time State Bar prosecutor before being appointed as a State Bar Judge.

20.     During the State Bar Court proceedings, Defendant STATE BAR indicated, by and through Defendant KIM, Chief Trial Counsel of the Office of Enforcement, and Defendant MORGENSTERN, Senior Trial Counsel, that the appropriate discipline for EZOR was the draconian measure of his disbarment from the State Bar of California. EZOR and his counsel took the position that this was manifestly unfair and unwarranted, especially in view of Plaintiff's fine reputation as an attorney and his discipline-free record for several decades. Settlement discussions were held before Defendant MILES of the State Bar Court, with no resolution.

21.     On or about January 15, 2013, EZOR and his attorney, Dennis V. Greene ("GREENE") appeared before Defendant PLATEL to request a continuance of the January 22 and January 23, 2013, trial dates. Plaintiff was ill with the influenza virus and unable to stand trial because of his medical condition. In support of EZOR's request, he presented a medical report from his physician, containing his diagnosis, treatment and prognosis. The State Bar Court vacated the aforesaid trial dates and ordered a telephonic status conference on February 28, 2013.

22.     On or about February 28, 2013, GREENE and Defendant MORGENSTERN appeared before Defendant PLATEL for the status conference. GREENE did so telephonically from EZOR's Pasadena office. That office on said date had two available telephone extensions. Defendant MORGENSTERN did his appearance physically in Defendant PLATEL's courtroom. Attorney GREENE advised Defendant PLATEL and Defendant MORGENSTERN that EZOR would require a further trial continuance because EZOR was still ill. At the conclusion of the status conference, EZOR picked up one of the extension lines and heard Defendant MORGENSTERN say "Bullshit", to which Defendant PLATEL replied: "Yeah, I think it's bullshit too, but I'm not a doctor." Case Administrator, Angela Carpenter, upon information and belief, heard this unethical, unsavory exchange.  Attorney GREENE also heard this unethical, unsavory exchange after the status conference had concluded. The aforementioned unlawful, shocking and improper ex parte communications between Defendant PLATEL and Defendant MORGENSTERN, falsely accusing EZOR and his physician of lying about his medical

EZOR V. MORGENSTERN                          -6-

1   condition, demonstrated without question an actual bias, or appearance of bias, by Defendant

2   PLATEL towards EZOR. Said illegal communications also showed without question

3   prosecutorial misconduct and unethical, unprofessional actions by Defendant MORGENSTERN

4   towards EZOR.

5        23.    On or about April 22, 2013, EZOR filed a legitimate complaint about Defendant

6   PLATEL's improper ex parte communications with Defendant MORGENSTERN, as

7   hereinbefore alleged and described, with the Commission on Judicial Performance ("CJP").

8   Plaintiff was justifiably concerned that Defendant PLATEL would be unable to conduct a fair and

9   impartial trial of EZOR and be fair and impartial with respect to other pre-trial and post-trial

10   proceedings involving him.

11       24.    On or about May 15, 2015, GREENE informed the State Bar Court that EZOR

12   had filed the aforesaid complaint with the CJP, alleging, inter alia, improper and unethical judicial

13   conduct by Defendant PLATEL towards Plaintiff and demonstrating Defendant PLATEL's bias

14   or appearance of bias towards Plaintiff. GREENE also informed the State Bar Court of major

15   unethical, unprofessional and illegal actions taken by Defendant MORGENSTERN, as herein

16   mentioned and alleged.

17       25.    On or about May 22, 2013, the date that trial was scheduled to proceed,

18   GREENE provided the State Bar Court with a copy of EZOR's CPJ Complaint. He further made

19   an oral motion to stay the proceedings until the CPJ ruled on said complaint. On or about May 22,

20   2013, Defendant PLATEL filed his Verified Answer to Disqualification Motion and Order Re

21   Respondent's Disqualification Motion. Defendant PLATEL denied EZOR's motion to disqualify,

22   despite the clear showing by EZOR and his counsel that that there was a strong basis in fact and

    law to disqualify Defendant PLATEL.

23       26.    On or about July 10, 2015, Victoria B. Henley ("HENLEY"), Director-Chief

24   Counsel for the CJP, sent correspondence to EZOR, determining that no further investigation or

25   further proceedings were warranted with respect to Defendant PLATEL and that the matter was

26   closed. This absurd determination made no sense whatsoever.

27       27.    Plaintiff is informed and believes, and thereon alleges, that HENLEY did not

28   disclose that she had been instructed by Defendant KIM, Defendant CANTIL-SAKAUYE,

EZOR V. MORGENSTERN       -7-

1    Defendant STATE BAR, the Judicial Council of the State of California, and Defendant

2    SUPREME COURT OF CALIFORNIA, among others, to never have the CJP properly

3    investigate and discipline any State Bar or Review Judge--no matter how adverse the allegations

4    and evidence--in order to protect and uphold the reputation and sanctity of the California State

5    Bar Court and its Judges. This illicit modus operandi on the part of HENLEY was also done to

6    ensure that she would keep her lucrative job, not jeopardize the corrupt state bar disciplinary

7    system, and curry favor with the power structure of the Administration of the Courts (AOC) and

8    Defendant STATE BAR. In exchange for not recommending any judicial discipline of Defendant

9    PLATEL and other errant, compromised State Bar Judges, HENLEY further benefitted

10   economically. At all times herein mentioned, upon information and belief, her husband,

11   MICHAEL BOLLI, an Oakland attorney, got lucrative case referrals from corrupt officials with

     the State Bar, such as former, fired senior investigator, THOMAS LAYTON.

12        28.    On or about July 15, 2013, EZOR sent a letter to HENLEY, advising her that the

13   behavior of Defendant PLATEL was in conflict of the California Code of Judicial Ethics, Canons

14   2 and/or 3, and requesting a copy of the recording of the proceeding.

15        29.    On or about August 7, 2015, EZOR again wrote to HENLEY, reiterating his

16   earlier request for a copy of the recording of the proceeding.

17        30.    On or about September 3, 2013, EZOR filed a motion to disqualify Defendant

18   PLATEL due to his showing of actual bias or the appearance of same by the latter. On or about

19   September 5, 2015, Defendant MILES, Assistant Supervising Judge of the State Bar Court, issued

20   his Order denying the disqualification motion of Defendant PLATEL. In his untenable ruling,

21   Defendant MILES distorted the record and indicated that Defendant PLATEL made the offending

22   comments about EZOR on the record in open court, not after the telephonic hearing. Defendant

23   MILES ruled that EZOR failed to show any factual or legal basis to warrant the disqualification

24   of Defendant PLATEL. Defendant MILES complimented Defendant PLATEL's professionalism

25   because, even if Defendant PLATEL did not believe the substance of EZOR's medical report, the

26   judge nonetheless granted the requested continuance.

27        31.    On or about September 13, 2015, EZOR filed his Verified Reply to Verified

28   Answer to Disqualification Motion and Declaration of A. Edward Ezor in Support of

     EZOR V. MORGENSTERN                    -8-

Reconsideration Request of Ruling Denying Motion to Disqualify Judge Richard Platel. In these documents, EZOR advised Defendant MILES that Defendant MORGENSTERN acknowledged that the "bullshit" statements were made by Defendant PLATEL and Defendant MORGENSTERN after the February 28, 2013 telephonic hearing. EZOR further advised Defendant MILES that the recording of the statements had still not been made available to him, and requested reconsideration of the disqualification motion.

32.     On or about September 16, 2013, Defendant MILES issued his Order denying EZOR's Request for Reconsideration of Motion to Disqualify the Hon. Richard Platel.

33.     Plaintiff is informed and believes, and thereon alleges, that it is, and was at all times herein mentioned, illegal, wrongful and unlawful for Defendant MILES to make any rulings or Orders with respect to the issue of Defendant PLATEL's disqualification. Defendant MILES had previously held a settlement conference or early evaluation conference in EZOR's disciplinary case, and therefore had a conflict of interest and had formed opinions and preconceptions about EZOR's matter beforehand.

34.     Until in or about December, 2015, furthermore, EZOR was unaware that Defendant MILES, upon information and belief, has, and had at all times relevant hereto, a history of unethical, illegal actions, biases and conflicts of interest as a State Bar Judge in other disciplinary cases. Plaintiff is also informed and believes, and thereon alleges, that Defendant MILES did not disclose at the time of his rulings involving EZOR that he and other State Bar Judges and Review Judges have, and had at all times herein mentioned, an unconstitutional and illegal practice and agreement among themselves of never disqualifying other State Bar and Review Judges in disciplinary proceedings.

35.     EZOR's State Bar trial took place on or about September 16 and 17, 2013. Defendant PLATEL recommended EZOR's disbarment, among other findings, and placed EZOR on inactive status effective December 6, 2013. EZOR contested same on appeal. The Review Department of the State Bar Court affirmed Defendant PLATEL's decision. EZOR timely petitioned for review before Defendant SUPREME COURT OF CALIFORNIA. On or about September 23, 2015, Defendant SUPREME COURT OF CALIFORNIA unlawfully and unconstitutionally, without providing EZOR oral argument and written decision on the merits,

ordered EZOR disbarred from the practice of law. In law and fact, there was no meaningful and lawful review by Defendant SUPREME COURT OF CALIFORNIA, as the sole court of original jurisdiction, of EZOR's disciplinary case. The issue of the disqualification of Defendant PLATEL, the lack of a fair and impartial trial, and the ethical misconduct of Defendant MORGENSTERN, re: EZOR were not mentioned at all in the Review Department's Opinion on Review nor in the Supreme Court's Disbarment Order.

36.     A true and correct copy of the aforesaid Disbarment Order is marked and attached hereto as Exhibit 1 and incorporated by reference herein. Exhibit I is, and was at all times herein mentioned, unlawful, unconstitutional, unenforceable and against EZOR's civil rights, since, inter alia, it is not signed with an original, full signature by Defendant CANTIL-SAKAUYE, as duly required by due process and other applicable law.

37.     Subsequent to the filing of Exhibit 1 by the Clerk of Defendant SUPREME COURT OF CALIFORNIA, EZOR received written notification from Defendant STATE BAR that he owes purported or alleged disciplinary costs in the amount of $ 17,829.39. At all times relevant hereto, there was no proper, legal itemization of said costs provided to EZOR by either Defendant SUPREME COURT OF CALIFORNIA or Defendant STATE BAR. Furthermore, Plaintiff contends in this lawsuit that any alleged disciplinary costs are, and were at all times relevant hereto, unlawful, unwarranted, against his civil rights and unconstitutional, since his disbarment from the California State Bar is, and was at all times herein mentioned, illegal, as alleged and set forth herein.  Moreover, EZOR was not provided his due process and equal protection rights of contesting the aforementioned alleged disciplinary costs by either a motion to tax costs or the right to a jury trial, as required by the 6th and 14th Amendments and applicable U.S. Supreme Court precedent.

38.     At all times herein mentioned, Defendants STATE BAR and KIM were notified by Plaintiff of Defendant MORGENSTERN's breach of ethics and attorney misconduct, as herein alleged. Moreover, Defendants STATE BAR and KIM were fully aware, upon information and belief, of the breach of judicial ethics by Defendant PLATEL. However, despite such awareness, Defendants BAR and KIM, in derogation of their professional and legal duties and responsibilities, made no efforts whatsoever to sufficiently investigate and remedy such unlawful

conduct. Indeed, said Defendants, and each of them, condoned and ratified such misconduct. As Chief Trial Counsel for the Office of Enforcement for Defendant STATE BAR, Defendant KIM is, and was at all times herein mentioned, required to uphold the public trust and ensure that judges and attorneys act ethically and legally. Defendant KIM, in taking no corrective actions against either Defendant PLATEL or Defendant MORGENSTERN, was more interested in keeping her job, protecting the self-serving interests of her subordinate attorneys, such as Defendant MORGENSTERN, and preserving her camaraderie with State Bar Court and Review Judges, than adhering to ethical duties and responsibilities incumbent upon her as the chief disciplinary attorney in the State of California.

### FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS)
### (AGAINST ALL DEFENDANTS)

39.     Plaintiff refers to, and incorporates as though fully set forth herein, the preceding Paragraphs and allegations of this Complaint.

40.     This is a civil rights complaint for declaratory relief, damages and other appropriate relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated, as set forth and alleged herein.

41.     This Court has jurisdiction in this action pursuant to 42 U.S.C. 1983. Moreover, Plaintiff is an adult residing in this judicial district where much of the tortious, wrongful and unlawful actions alleged herein took place.

42.     Plaintiff's constitutional and civil rights were violated as follows, without limitation, as alleged and described herein:

(i)     EZOR was unlawfully disbarred because he did receive a fair and impartial trial by Defendant PLATEL.

(ii)     EZOR's rights to procedural and substantive due process and equal protection of laws, under the Fourteenth Amendment, the United States Constitution, the California Constitution and other applicable law, were violated by his not receiving a fair and impartial trial from Defendant PLATEL.

1    (iii)    EZOR's Disbarment Order is, and was at all times herein mentioned, illegal,

2    unconstitutional, void, <u>ultra vires</u> and otherwise unsupportable, because he did not receive

3    meaningful, proper and lawful review, by required written decision on the merits and oral

4    argument, by Defendant SUPREME COURT OF CALIFORNIA, Defendant CANTIL-

5    SAKAUYE, and the other Defendant Associate Justices of said Supreme Court.

6    (iv)    EZOR's Disbarment Order is, and was at all times herein mentioned, illegal,

7    unconstitutional, void, <u>ultra vires</u> and otherwise unsupportable, because Defendant PLATEL

8    violated his judicial oath to be fair and impartial towards EZOR, had an actual bias or appearance

9    of bias towards EZOR, and should have disqualified himself.

10    (v)    Defendant MILES violated his judicial oath to be fair and impartial towards

11    EZOR, and had an actual bias and conflict of interest, or the appearance of same, towards EZOR,

12    mandating his disqualification and dictating under the circumstances that he not make any Orders

13    or rulings pertaining to EZOR.

14    (vi)    Defendants PURCELL, EPSTEIN and McELROY violated their judicial oath to

15    be fair and impartial towards EZOR by "covering up" the misconduct of Defendants PLATEL

16    and MORGENSTERN, and each of them, and had an actual bias or appearance of same towards

17    Plaintiff.

18    (vii)    Defendants PURCELL, EPSTEIN, McELROY and MILES engaged in and have,

19    and had at all times herein mentioned, an illicit agenda, common practice, unlawful policy and

20    unethical understanding and agreement to never disqualify a State Bar or Review Judge or hold a

21    State Bar prosecutor culpable of misconduct, no matter what the evidence shows or what the

22    allegations of ethical transgressions are.

23    (viii)    Defendants SUPREME COURT OF CALIFORNIA, CANTIL-SAKAUYE and

24    the named Defendant Associate Justices of the Supreme Court have, and had at all times herein

25    mentioned, an illicit agenda, common practice, unlawful policy and unethical understanding and

26    agreement to not renew administrative contracts of State Bar and Review Judges if they are not

27    pro-prosecution biased and in order that Defendant STATE BAR and Defendant SUPREME

28    COURT OF CALIFORNIA can garner excessive, unwarranted disciplinary costs.

    (ix)    Defendants KIM and BAR wrongfully knew about, tolerated and accepted

EZOR V. MORGENSTERN                          -12-

Defendant MORGENSTERN's unethical ex parte communications with Defendant PLATEL, even though their legal mandate and mission are, and were at all times herein mentioned, to uphold the highest standards of attorney and professional conduct in California.

(x)     Upon information and belief, Defendant MORGENSTERN has, and had at all times herein mentioned, a tainted history of filing baseless and/or overblown charges against attorneys and engaging in unethical conduct and improper, ex parte communications with State Bar Judges and third parties to affect the outcome of disciplinary proceedings. He did such malfeasance, upon further information and belief, in order to further his career, climb up the state bar prosecutor's ladder, and advance his financial interests, as well as garner improper, excessive disciplinary costs against attorneys for Defendant STATE BAR.

(xi)     Plaintiff is informed and believes, and thereon alleges, that Defendant SUPREME COURT OF CALIFORNIA and Defendant JUSTICES have, and had at all times herein mentioned, an unlawful policy and practice of not even considering or reading any of the briefs submitted by aggrieved attorneys, such as EZOR, in disciplinary cases, to rubber-stamp the recommendations of the Review Department of the State Bar Court, and have unconstitutionally **never** granted review since its majority, faulty holding in In re Rose (2000) 22 Cal.4th 430 [ROSE DECISION].

(xii)     The alleged disciplinary costs assessed against EZOR were against due process, without a proper itemization, were assessed without adequate notice to contest same via a motion to tax costs or other procedure, and did not allow EZOR his fundamental right to a jury trial under the Sixth and Fourteenth Amendments.

(xiii)     The ROSE DECISION, as applied to EZOR and California attorneys similarly situated, is, and was at all times herein mentioned, void, unconstitutional, unlawful, and ultra vires in its application and usage and against the First Amendment, the Eighth Amendment, the Supremacy Clause, the Due Process Clause and Equal Protection Clause of the United States Constitution. The ROSE DECISION should therefore be declared void as unconstitutionally violating the federally protected rights of EZOR and California attorneys similarly situated.

43.     Defendants BAR, KIM and MORGENSTERN are, and were at all times herein mentioned, jointly and severally liable, in general damages for their malfeasance and misconduct

EZOR V. MORGENSTERN                          -13-

1   towards Plaintiff, as herein alleged. The exact amount of such damages is yet to be ascertained,

2   but will be set forth at or before trial, according to proof. As state actors, they acted unreasonably

3   so as to violate EZOR's constitutionally and federally protected rights, as herein alleged and

4   described.

5        44.      Said Defendants, and each of them, are subject to monetary liability, because they

6   acted unreasonably and unlawfully as state actors to harm Plaintiff. As a direct, legal and

7   proximate result of their misconduct and unlawful, wrongful actions, as hereinbefore alleged,

8   Plaintiff has suffered, and continues to suffer, physical and mental pain and anguish, including

9   severe emotional distress.  As stated above, such general damages sustained thereby will be

10  ascertained, at or before trial, according to proof.

11        Defendants BAR, KIM and MORGENSTERN, and each of them, in harming and

12  injuring Plaintiff as alleged, acted with malice, fraud and oppression. Therefore, Plaintiff is

13  entitled to an award of punitive or exemplary damages, according to proof, against said

14  Defendants and each of them.

15        45.      Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that

16  his civil and constitutional rights have been violated, as aforesaid, by all the named Defendants,

17  and each of them. In particular, EZOR is entitled to a finding that his Disbarment Order is, and

18  was at all times herein mentioned, null and void, since his civil and constitutional rights were

19  violated and continue to be violated. As recited heretofore, Plaintiff is not seeking monetary

20  damages against the named Defendants other than Defendants BAR, KIM and MORGENSTERN.

21  Defendant BAR is, and was at all times herein mentioned, liable in damages for the civil rights

22  violations of its agents and employees,  Defendants KIM and MORGENSTERN, under the

23  doctrine of **respondeat superior.** The United States Supreme Court has recently recognized that

24  state entities, such as Defendant STATE BAR, can be sued for antitrust violations and are not

25  immune from suit. North Carolina St. Bd. Of Dental Examiners v. FTC, 574 U.S. ___ (2015).

26  / / /

27  / / /

28  / / /

/ / /

EZOR V. MORGENSTERN                    -14-

## SECOND CAUSE OF ACTION

## (DECLARATORY RELIEF TO DECLARE IN RE ROSE UNCONSTITUTIONAL AS VIOLATING CALIFORNIA CONSTITUTION'S RIGHT TO JURY TRIAL) (AGAINST DEFENDANTS SUPREME COURT OF CALIFORNIA, CANTIL-SAKAUYE, CHIN, WERDEGAR, KRUGER, LIU, CORRIGAN AND CUELLAR)

46.     Plaintiff refers to, and incorporates as though fully set forth herein, Paragraphs 1 through 45, inclusive, of the Complaint and any and all allegations contained therein.

47.     An actual controversy has arisen and now exists between Plaintiff and the above-referenced Defendants, and each of them, concerning their respective rights and duties as to the following contentions:

(1)     Plaintiff contends, and said Defendants dispute, that the ROSE DECISION be declared void, unconstitutional and ultra vires in its application towards EZOR and attorneys similarly situated since 2000 and continuing to the present, because it denies them the right to a jury trial pursuant to Article I, Section 16 of the California Constitution.

(2)     Plaintiff contends, and said Defendants dispute, that the ROSE DECISION be declared void, unconstitutional and ultra vires in its application towards EZOR and attorneys similarly situated since 2000 and continuing to the present, because it unlawfully assesses a criminal or penal fine against disciplined attorneys, such as the $ 17,829.39 illegally assessed against EZOR, without allowing them the right to a jury trial pursuant to Article I, Section 16 of the California Constitution.

48.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff can ascertain his rights and duties as to the two contentions set forth in Paragraph 47 above.

49.     Plaintiff is entitled to have a judicial declaration that his right to a jury trial has been violated and the ROSE DECISION is void, unconstitutional and ultra vires, as hereinbefore alleged.

/ / /

/ / /

EZOR V. MORGENSTERN                         -15-

1

## THIRD CAUSE OF ACTION

## (DECLARATORY RELIEF TO DECLARE IN RE ROSE

## UNCONSTITUTIONAL AS VIOLATING CALIFORNIA CONSTITUTION'S RIGHTS

## TO DUE PROCESS  AND  EQUAL PROTECTION OF LAWS)

## (AGAINST DEFENDANTS SUPREME COURT OF CALIFORNIA, CANTIL-SAKAUYE,

## CHIN, WERDEGAR, KRUGER, LIU, CORRIGAN AND CUELLAR)

50.     Plaintiff refers to, and incorporates as though fully set forth herein, Paragraphs 1 through 49, inclusive, of the Complaint and any and all allegations contained therein.

51.     An actual controversy has arisen and now exists between Plaintiff and the above-referenced Defendants, and each of them, concerning their respective rights and duties as to the following contentions:

(1)     Plaintiff contends, and said Defendants dispute, that the ROSE DECISION be declared void, unconstitutional and ultra vires in its application towards EZOR and attorneys similarly situated since 2000 and continuing to the present, because it denies them the right to due process pursuant to Article I, Sections 1 and 7 of the California Constitution.

(2)     Plaintiff contends, and said Defendants dispute, that the ROSE DECISION be declared void, unconstitutional and ultra vires in its application towards EZOR and attorneys similarly situated since 2000 and continuing to the present, because it denies them the right to equal protection of laws pursuant to Article I, Section 7 of the California Constitution.

52.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties as to the two contentions set forth in Paragraph 51 above.

53.     Plaintiff is entitled to have a judicial determination that his rights to due process and equal protection of laws have been violated and that the ROSE DECISION is void, unconstitutional and ultra vires, as hereinbefore alleged.

///

///

///

## FOURTH CAUSE OF ACTION

### (DECLARATORY RELIEF TO DECLARE EZOR'S STATE DISBARMENT ORDER VOID, ULTRA VIRES AND VOID AB INITIO DUE TO FRAUD UPON THE COURT OR EXTRINSIC FRAUD AND VIOLATION OF CALIFORNIA JUDICIAL CANONS OF ETHICS)

### (AGAINST DEFENDANTS SUPREME COURT OF CALIFORNIA, PLATEL AND MILES)

54.     Plaintiff refers to, and incorporates as though fully set forth herein, Paragraphs 1 through 53, inclusive, of the Complaint and any and all allegations contained therein.

55.     An actual controversy has arisen and now exists between Plaintiff, and the above-referenced Defendants, and each of them, concerning their respective rights and duties as to the following contentions:

(1)     Plaintiff contends, and said Defendants dispute, that Exhibit 1 is, and was at all times relevant hereto, null and void, ultra vires and void ab initio due to "fraud upon the court" or "extrinsic fraud"—to wit, unlawful and of no effect in law and fact, because of the actual biases and conflicts of interest, or the appearance of same, of Defendants PLATEL and MILES, towards EZOR, as herein alleged.

(2)     Plaintiff contends, and said Defendants dispute, that Exhibit 1 is, and was at all times relevant hereto, null and void, ultra vires and void ab initio---to wit, unlawful and of no effect in law and fact—because of the failure by Defendants PLATEL and MILES to disqualify themselves, as herein alleged, in derogation of their judicial duties and responsibilities.

(3)     Plaintiff contends, and said Defendants dispute, that Exhibit 1 should be rescinded, set aside and vacated forthwith, because Defendants PLATEL and MILES violated their ethical duties and oath as judges pursuant to the California Code of Judicial Ethics, including, without limitation, Canons 1, 2 and 3 thereof, to wit, not being fair and impartial to EZOR, acting incompetently and failing to act with integrity.

(4)     Plaintiff contends, and said Defendants dispute, that Defendant SUPREME COURT OF CALIFORNIA should be ordered to rescind, set aside and vacate Exhibit 1 because

of the "fraud upon the court" or "extrinsic fraud" by Defendants PLATEL and MILES and the latters' breach of judicial ethics, as alleged herein.

56.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff can ascertain his rights and duties as to the four contentions set forth in Paragraph 55 above.

57.     Plaintiff is entitled to have a judicial determination that his rights have been violated due to the breach of judicial ethics and extrinsic fraud or fraud upon the court alleged herein.

WHEREFORE, Plaintiff prays for judgment as follows:

## ON FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

1.  For appropriate declaratory and equitable relief, and a finding that Plaintiff's civil rights have been violated by the named Defendants, and each of them.

2.  For an Order that Plaintiff's Disbarment Order be declared null and void, set aside, rescinded and vacated forthwith and in the interests of justice and equity.

3.  For general damages against Defendants STATE BAR, KIM and MORGENSTERN, and each of them, according to proof.

4.  For punitive damages against Defendants STATE BAR, KIM and MORGENSTERN, and each of them, according to proof.

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the Court may deem proper and just in the premises.

///
///
///
///

EZOR V. MORGENSTERN                    -18-

1

**ON SECOND AND THIRD CAUSES OF ACTION AGAINST DEFENDANTS**

2

**SUPREME COURT OF CALIFORNIA, CANTIL-SAKAUYE, CHIN,**

3

**WERDEGAR, KRUGER, LIU, CORRIGAN AND CUELLAR**

4

5    1.  For declaratory relief, as prayed.

6    2.  For a judicial determination of the respective rights and duties between Plaintiff and

7        Defendants and each of them, as prayed.

8    3.  For costs of suit incurred herein; and

9    4.  For such other and further relief as the Court may deem proper and just in the

10       premises.

11

12

**ON FOURTH CAUSE OF ACTION AGAINST DEFENDANTS SUPREME**

13

**COURT OF CALIFORNIA, PLATEL AND MILES**

14    1.    For declaratory relief, as prayed.

15    2.    For a judicial determination of the respective rights and duties between Plaintiff and

16        Defendants and each of them, as prayed.

17    3.    For costs of suit incurred herein; and

18    4.    For such other and further relief as the Court may deem proper and just in the

19       premises.

20

21

22  Dated: December 17, 2015       BY: _____

23                           A.  EDWARD EZOR

24                           Plaintiff

25

26

27

28

EZOR V. MORGENSTERN            -19-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing Complaint for Damages and Equitable Relief.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief. As to those matters, I believe them to be true.

Executed on December 17, 2015, at Pasadena, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

A. EDWARD EZOR

Declarant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT I

EZOR V. MORGENSTERN                          -21-

State Bar Court No. 12-O-10043

S227682

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

SUPREME COURT
# FILED

SEP 2 3 2015

In re A. EDWARD EZOR on Discipline.

Frank A. McGuire Clerk

Deputy

The petition for review is denied.

The court orders that A. Edward Ezor, State Bar Number 50469, is disbarred from the practice of law in California and that his name is stricken from the roll of attorneys.

A. Edward Ezor must make restitution as recommended by the Hearing Department of the State Bar Court in its Decision filed on December 3, 2013.   Any restitution owed to the Client Security Fund is enforceable as provided in Business and Professions Code section 6140.5, subdivisions (c) and (d).

A. Edward Ezor must comply with California Rules of Court, rule 9.20, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order.

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

Werdegar, J., was absent and did not participate.

I, Frank A. McGuire, Clerk of the Supreme Court
of the State of California, do hereby certify that the
preceding is a true copy of an order of this Court as
shown by the records of my office.
Witness my hand and the seal of the Court this

23 day of September 20 15

By:_____
Deputy

EXHIBIT 1

**CANTIL-SAKAUYE**

*Chief Justice*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] ) | **DEFENDANTS** ( Check box if you are representing yourself [ ] ) |
|---|---|
| A. Edward Ezor | |

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Not Applicable | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No   [X] **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [X] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpratice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 220 Foreclosure | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** | Case Number: | CV15-9784 | |
|---|---|---|---|

CV-71 (10/14)                    CIVIL COVER SHEET                    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *Western* |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties?   ☐ Yes  ☒ No

CV-71 (10/14)                     CIVIL COVER SHEET                     Page 2 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  _[signature]_  DATE: December 17, 2015

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |